466

# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Lynn Carroll
and Richard Ydoyaga

v.

Mark T. Jones
and QED Systems, Inc.

January 23, 2008

Case No. CL05-1629

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the motion of the defendants to declare as a matter of law that one of the plaintiff's, Richard Ydoyaga, was a public official and thus subject to the "actual malice" rule established by *New York Times v. Sullivan*, 376 U.S. 254 (1964).

After a review of the record submitted herein and the legal arguments of each side the court will grant the motion for the reasons stated hereafter.

*Facts*

This matter seeks monetary damages for the plaintiffs upon allegations of defamation.

The plaintiff Ydoyaga was employed by the United States Navy as "Director of Contracting for the Southeast RMC," a civilian position, in Mayport, Florida. As such Ydoyaga had the authority to award government contracts and spend funds on behalf of the United States. Ydoyaga also testified that he was the "highest ranking person" in his position at Mayport and reported to both the local military commander and Naval Sea Systems Command in Washington.

It is alleged that the defendants issued a letter to his superiors complaining that he may have violated certain ethical standards, and thus this action was brought.

## Summary Judgment

While the defendants have avoided the use of the term "summary judgment", the court is of the opinion that this motion must be treated as one seeking partial summary judgment on the issue of whether the plaintiff is a "public official" and thus subject to the *New York Times* "actual malice" rule.

As a general rule, summary judgment is difficult to obtain in Virginia and, in most cases, can only be granted when there is no material fact genuinely in dispute. Rule 3:20, Rules of Supreme Court of Virginia; *Gilmore v. Basic Industries*, 233 Va. 485, 489 (1987).

Whether or not the court may rule on a motion to determine whether a person meets the definition of "public official" is far from clear in Virginia. In a consolidated case where none of the plaintiff's were public officials ("The plaintiffs are private individuals, not public officials or public figures." *The Gazette v. Harris*, 229 Va. 1, 6 (1985)), the Supreme Court opined:

> The threshold determination to be made by a trial judge on the question whether there is substantial damage to reputation apparent from the content of a publication resembles the determination traditionally made by the court on the question whether a statement is libelous *per se*.

*The Gazette v. Harris, supra*, pp. 23-24

It is also suggested by the defendants that there is a federal constitutional issue and therefore a question of law for the court. *Rosenblatt v. Baer*, 383 U.S. 75, 88 (1966), "it is for the trial judge in the first instance to determine whether the proofs show respondent to be a 'public official'." See also *Trotter v. Jack Armstrong Enterprises*, 818 F.2d 431, 433 (5th Cir. y1987); *Tavoulareas v. Piro*, 817 F.2d 762, 772 (D.C. Cir. 1987); *Jones v. Palmer Communic'ns, Inc.*, 440 N.W. 884, 894 (Iowa, 1989).

The final piece of authority for the court is that the plaintiff has not objected to the court's ruling on this motion and is willing to have the legal issues resolved.

Considering all of these disparate authorities, the court concludes that, if it were to rule, the Virginia Supreme Court would conclude that federal constitutional law prevails, that traditional Virginia defamation cases suggest this is a legal issue solely for the trial judge, and the plaintiffs have waived any objection they may have had.

*Public Official*

New York Times v. *Sullivan, supra*, is generally cited as establishing the modern federal constitutional criteria for suits by public officials who seek recovery for defamation. The case involved the publication of an advertisement by the paper claiming that Sullivan, the police commissioner in Montgomery, Alabama, sanctioned certain racially prejudicial activities by the police. Sullivan sued in an Alabama court seeking damages for defamation. In reversing the state court, the United States Supreme Court set forth the now established standard.

> The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice" – that is, with knowledge that it was false or with reckless disregard of whether it was false or not.

*New York Times v. Sullivan*, pp. 279-80.

The only problem is that Sullivan, an elected commissioner, was treated as being unquestionably a public official and no definition of the term was attempted by the court.

Two years later in *Rosenblatt v. Baer*, 383 U.S. 75 (1966), the Supreme Court again visited the issue. Baer had recovered damages for defamation. The articles published in his local newspaper made certain allegations of misfeasance in the performance of Baer's duties as supervisor of the county recreation area. Baer was not an elected official, but was responsible to the county commissioners who were the elected officials in charge of the county government. The New Hampshire court had ruled that *New York Times v. Sullivan* was not a bar and the issue of "public official" went to the Supreme Court.

Rejecting a state definition of "public official," the court opined:

> We remarked in *New York Times* that we had no occasion "to determine how far down into the lower ranks of government employees the 'public official' designation would extend for purposes of this rule, or otherwise to specify categories of persons who would or would not be included." . . . No precise lines need be drawn for the purposes of this case. . . . It is clear,

therefore that the "public official" designation applies at the very least to those among the hierarchy of government employees who have, or appear to have, substantial responsibility for or control over the conduct of government affairs. . . . Where a position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it . . . the *New York Times* malice standards apply.

*Rosenblatt v. Baer*, at pp. 85-87.

As an aside, this case was remanded for retrial applying the *New York Times* rule noting that "at the least . . . a substantial argument" could be made that Baer was a public official. *Rosenblatt v. Baer*, p. 87.

The last case of what can be termed a four-part look at the issue (see also *Rosenbloom v. Metromedia, Inc.*, 403 U.S. 29 (1971), which is reversed by *Gertz*) is *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).

*Gertz*, while an important case, does nothing to add to the definition of a public official. Generally, *Gertz* is cited for the limitation it places upon the *New York Times* rule:

The *New York Times* standard defines the level of constitutional protection appropriate to the context of defamation of a public person . . . we conclude that the state interest in compensating injury to the reputation of private individuals requires that a different rule should obtain with respect to them.

*Gertz v. Robert Welch, Inc.*, pp. 342-43.

(For a thorough discussion of the current Virginia rule as it relates to private persons, see *The Gazette v. Harris*, 229 Va. 1 (1985), which applies the various Supreme Court cases to Virginia law.)

We then come to the conclusion that Ydoyaga is a public official for the purpose of this case. While there appears to be no Virginia case law and keeping in mind the *Rosenblatt* admonition against a state definition, we nonetheless must decide.

From *Rosenblatt*, we may glean several factors to consider: (1) there is no rule that establishes a bright line threshold below which one cannot go; (2) a "public official" must have or appear to have substantial responsibility or control over governmental affairs; (3) the public has an independent interest in how a given person performs his duties; (4) there must be a relationship between the alleged defamation and his position.

Individuals who have the power to control and award the expenditure of the public purse have been addressed on at least two occasions.

*Rusach v. Harska*, 470 F. Supp. 285 (M.D. Pa. 1978), was a defamation action by a plaintiff who was a "Supervisory Contract Negotiator" for the Navy. The issue of whether he was a "public official" was raised on summary judgment. Citing *Rosenblatt*, the trial judge made several telling observations about the position held by *Rusach*: (1) he held a position of public trust; (2) he held authority to bind the government by awarding contracts and thus spending taxpayers' money; (3) that the public has a high degree of interest in his performance and his qualifications. Considering all of these issues, the Rusach court found "He is, therefore, a public official, and, since the defamatory remarks dealt with his performance as such an official, the *New York Times* malice standard must be applied." *Rusach*, at p. 299.

*Ferguson v. Union City Daily Messenger*, 20 Med. L. Reptr. 2159 (Tenn. 1992), where a trial court found a county purchasing agent a public official because of his control of the public purse.

While the defendants direct the court to other cases where relatively minor employees have been held to be public officials, the court need only apply the *Rosenblatt* test to find Ydoyaga a "public official." As the Navy's "Director of Contracting for the Southeast RMC," Ydoyaga had almost unbridled authority to spend millions of dollars of Navy money. He also had considerable authority to determine who received and who did not receive government contracts. The alleged defamatory statements accused him of improprieties in the performance of his duties, which arguably caused harm to both the government and the public contractors and their employees. Improper performance of governmental functions that involve significant issues is something that would create a question that the public has a significant interest in.

Therefore, the court grants the defendant's motion for partial summary judgment and finds that the plaintiff Richard Ydoyaga was a public official during the times the case before the court arose and is, therefore, subject to the *New York Times v. Sullivan* actual malice rule.